NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DERRICK HARRIS,

Plaintiff,

vs.

CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, OFFICER SHARON KIM, DETECTIVE DENNIS PARKER, DEPUTY P. VALENCIA, OFFICER JOHN COUGHLIN, SGT. NICOLE AUFDEMBERG, OFFICER TERESA SPIRES, DETECTIVE LEONARD FELIX, UNKNOWN OFFICERS OF THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, UNKNOWN OFFICERS OF THE LOS ANGELES POLICE DEPARTMENT,

Defendants.

Case No. 2:21-cv-07999 SPG (JPR)

[Assigned to Honorable Sherilyn Peace Garnett, Courtroom 5C]

**STIPULATED PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**

[Discovery Document: Referred to Magistrate Judge Jean P. Rosenbluth]

NOTE: CHANGES MADE BY THE COURT

1. **GENERAL**

1.1 **Purposes and Limitations.**

Discovery in this action may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and/or from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections it affords from public

disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2 **Good Cause Statement.**

This action involves claims by Plaintiff Derrick Harris that he was wrongfully arrested, prosecuted and convicted of an armed robbery that occurred at Hawkins House of Burgers ("Hawkins") in the City and County of Los Angeles on July 1, 2013. The suspects to the robbery were reported to have run to the nearby Nickerson Gardens Housing Projects ("Nickerson Gardens") following the robbery. The Los Angeles County Sheriff's Department ("LASD") handled the investigation into the robbery, gathered materials as part of its investigation and produced them to the District Attorney's Office. Since Nickerson Gardens is within the jurisdiction of the Los Angeles Police Department ("LAPD"), the LAPD provided limited information during the underlying criminal investigation and prosecution.

This action is likely to involve confidential documents relating to prior and/or ongoing investigations and prosecutions from multiple agencies including, but not limited to, the LASD, the LAPD, the District Attorney's Office, the Public Defender's Office and the California Innocence Project as well as personal information of Plaintiff and third party witnesses (i.e. addresses, telephone numbers, criminal history, etc.), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. It may also involve information from peace officer personnel files. Such confidential and proprietary materials and information may consist of,

among other things, documents produced in connection with prior and/or ongoing investigations and prosecutions; personnel file information; and personal information of Plaintiff and/or any third party witnesses, otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that the information and/or documents in question have been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

**2.1 Action**: *Derrick Harris v. City of Los Angeles, et al,* Case No. 2:21-CV-7999 SPG (JPRx)

**2.2 Challenging Party**: A Party or Nonparty that challenges the designation of information or items under this Order.

**2.3 "CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

**2.4** **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5** **Designating Party**: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.6** **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.8** **House Counsel**: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** **Nonparty**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** **Outside Counsel of Record**: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

**2.11** **Party**: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12** **Producing Party**: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

**2.13 Professional Vendors**: Persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14 Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15 Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2 Manner and Timing of Designation.**

Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a) For information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend

"CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party identifies the Disclosure of Discovery Material on the record, before the close of deposition.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3 <u>Inadvertent Failures to Designate.</u>**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

**6.1 <u>Challenges.</u>**

This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time consistent with the Court's scheduling order the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular

document or information, including restrictions differing from those as specified herein.

**6.2. <u>Timing of Challenges.</u>**

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.3 <u>Meet and Confer.</u>**

The Challenging Party shall initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq*.

**6.4 <u>Burden.</u>**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

**7.1 <u>Basic Principles.</u>**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order. Receiving Parties shall take reasonable steps to prevent disclosure of Protected Material to any third party not authorized to receive the Protected Material pursuant to the terms of this Order.

**7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this Action, as well as their respective associates, clerks, legal assistants, support personnel, and investigators and litigation support services (photocopy services or transcription services) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(b) Any designated or retained Experts (as defined in this Order) and their employees, hired by any Party who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information before it was disclosed in this Action;

(g) In preparation for and during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential

information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions or appointed by the Court, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

**7.3 <u>Retention of Nondisclosure Agreement.</u>**

Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until sixty (60) days after this litigation has become final, including any appellate review, and any monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Designating Party, counsel for the Receiving Party may be required to submit the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a) Promptly notify in writing the Designating Party, including with such notice a copy of the subpoena or court order unless prohibited by law;

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including with such notice a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a law directive from another court.

**9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Nonparty's Confidential Information in its possession, and the Party is

subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the court unless otherwise required by law or court order. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and (d) request that person or people to execute the

"Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). After being notified, the Receiving Parties must (i) promptly return, sequester, or destroy the specified information and any copies it has; (ii) not use or disclose the information until the claim is resolved; and (iii) take reasonable steps to retrieve the information if any Receiving Party disclosed it before being notified. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

**12. <u>MISCELLANEOUS</u>**

**12.1 <u>Right to Further Relief.</u>** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2 <u>Non-Waiver</u>.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

**12.3 Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.4 Filing Protected Material.** A Party may not file in the public record in this action or in any other action Protected Material without first seeking to file the Protected Material under seal pursuant to this Paragraph. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5 and this Court's Standing Orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Central District of California Local Rule 79-5, a sealing order will issue only upon a written application establishing that the Protected Material is entitled to protection under the law. However, only the portions of documents, including briefs, exhibits, or any other moving or opposing papers that contain Protected Material need to be filed under seal. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**14. VIOLATION**

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

///

///

///

Dated: August 3, 2022 LOEVY & LOEVY

By /s/ David B. Owens
David B.Owens
Attorneys for Plaintiff
DERRICK HARRIS

Dated: August 3, 2022 LAWRENCE BEACH ALLEN & CHOI, PC

By

Michael D. Allen[1]
Attorneys for Defendants
COUNTY OF LOS ANGELES, DETECTIVE DENNIS PARKER, DEPUTY P. VALENCIA and DETECTIVE LEONARD FELIX

Dated: August 3, 2022

By /s/ Surekha A. Shepherd
Surekha A. Shepherd
Attorneys for Defendants
CITY OF LOS ANGELES, SHARON KIM, FRANCIS COUGHLIN1, NICOLE AUFDEMBERG and TERESA SPIRES

Dated: August 4, 2022

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

[1] As the filer of this Stipulation, I, Michael D. Allen, attest that the other signatories listed, and on whose behalves the filing is submitted, concur in the filing's content and have authorized the filing.

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _______________________________ [**full name**], of __________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of *Derrick Harris v. City of Los Angeles, et al,* Case No. 2:21-CV-7999 SPG (JPRx). I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________ [**full name**] of __________________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _________________________________________

City and State where signed: ___________________________________

Printed name: _________________________________

Signature: ____________________________________