Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 4000
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
CITY OF LOS ANGELES and SHARON KIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DERRICK HARRIS,

Plaintiff,

v.

CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, OFFICER SHARON KIM, DETECTIVE DENNIS PARKER, DEPUTY P. VALENCIA, OFFICER JOHN COUGHLIN, SGT. NICOLE AUFDEMBERG, OFFICER TERESA SPIRES, DETECTIVE LEONARD FELIX, UNKNOWN OFFICERS OF THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, UNKNOWN OFFICERS OF THE LOS ANGELES POLICE DEPARTMENT,

Defendants.

Case No. CV-21-07999 WLH (DMK)

**DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTIONS (CLEAN COPY)**

Final Pretrial Conference:
Date: November 20, 2026
Time: 3:00 p.m.
Crtrm.: 9B

Trial
Date: December 14, 2026
Time: 9:00 a.m.
Crtrm.: 9B

TO THE HONORABLE COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendants CITY OF LOS ANGELES and SHARON KIM propose the following jury instructions.

| **Instruction Number #** | **Title** | **Source** | **Page Number** |
|---|---|---|---|
| | Impeachment Evidence – Witness | Ninth Cir. 2.10 | 1 |
| | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof | Ninth Cir. 9.3 | 2 |
| | Section 1983 – Causation | Ninth Cir. 9.2 (comment) | 3 |
| | Particular Rights – Fourteenth Amendment – Due Process – Deliberate Fabrication of Evidence | Ninth Cir. 9.38 | 4 |

| | | | |
|---|---|---|---|
| | Particular Rights – Fourteenth Amendment – Due Process – Deliberate or Reckless Suppression of Evidence | Ninth Cir. 9.39 | 5 |
| | Section 1983 Conspiracy | *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *Mendocino Envtl. Ctr. V. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir 1999) | 6 |
| | Gang Enhancement Charge | Cal. Pen. Code § 186.22(b)(1)(A) | 7 |
| | Section 1983 Claim Against Local Government Body Defendants Based on Unlawful Official Policy, Practice, or Custom – Elements and Burden of Proof | Ninth Cir. 9.5 | 8-9 |
| | Intentional Infliction of Emotional Distress – Essential Factual Elements | CACI 1600 | 10 |

| | | | |
|---|---|---|---|
| | Intentional Infliction of Emotional Distress – “Outrageous Conduct” Defined | CACI 1602 | 11 |
| | Intentional Infliction of Emotional Distress – “Severe Emotional Distress” Defined | CACI 1604 | 12 |
| | Intentional Infliction of Emotional Distress – Affirmative Defense – Privileged Conduct | CACI 1605 | 13 |
| | Damages – Mitigation | Ninth Cir. 5.3 | 14 |

Dated: November 5, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Brian S. Ginter
Brian S. Ginter
Attorneys for Defendants
CITY OF LOS ANGELES and
SHARON KIM

## 2.10 Impeachment Evidence - Witness

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:** Ninth Circuit Manual of Model Jury Instructions No. 2.10.

## 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

In order to prevail on a § 1983 claim against Sharon Kim, Derrick Harris must prove each of the following elements by a preponderance of the evidence:

1. Ms. Kim acted under color of state law; and

2. the acts of Ms. Kim deprived Mr. Harris of particular rights under the United States Constitution as explained in later instructions; and

3. Ms. Kim's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Ms. Kim acted under color of state law.

Ms. Kim's conduct is an actual cause of Mr. Harris's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find Mr. Harris has proved each of these elements, and if you find that Mr. Harris has proved all the elements he is required to prove under Instruction XX, your verdict should be for Mr. Harris. If, on the other hand, you find that Mr. Harris has failed to prove any one or more of these elements, your verdict should be for Ms. Kim.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions No. 9.3.

## Section 1983 - Causation

To prevail on any claim brought under 42 U.S.C. § 1983, Derrick Harris must prove Sharon Kim's conduct was the cause of the alleged injury. This means Mr. Harris must prove the injury was the foreseeable consequence of Ms. Kim's conduct, and that without the conduct, the same injury would not have occurred.

This determination of causation must be individualized and focus on the duties and responsibilities of each individual whose acts are alleged to have caused an injury.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions No. 9.2 (Comment).

## 9.38 Particular Rights—Fourteenth Amendment—Due Process—Deliberate Fabrication of Evidence

As previously explained, Derrick Harris has the burden of proving that the acts of Sharon Kim deprived Derrick Harris of particular rights under the United States Constitution. The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant. In this case, Mr. Harris alleges Ms. Kim deprived him of his rights under the Fourteenth Amendment to the Constitution by preparing a report in connection with the Blackwell Robbery Investigation stating Mr. Harris's tattoos reflect his membership in a clique of the Bounty Hunter Bloods gang.

For Mr. Harris to prevail on his claim of deliberate fabrication of evidence, Mr. Harris must prove the following elements by a preponderance of the evidence:

(1) Ms. Kim deliberately fabricated her statement that Mr. Harris's tattoos reflect his membership in a clique of the Bounty Hunter Bloods gang; and

(2) That statement was used to prosecute Mr. Harris.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions No. 9.38.

## 9.39 – Particular Rights – Fourteenth Amendment – Due Process—Deliberate or Reckless Suppression of Evidence

As previously explained, Derrick Harris has the burden of proving that the acts or failures of Sharon Kim deprived Mr. Harris of particular rights under the United States Constitution. The Fourteenth Amendment protects against a person being subjected to a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor. In this case, Mr. Harris alleges Ms. Kim deprived him of his rights under the Fourteenth Amendment to the Constitution by failing to disclose to prosecutors that she allegedly fabricated her statement that Mr. Harris's tattoos reflect his membership in a clique of the Bounty Hunter Bloods gang.

For Mr. Harris to prevail on his claim of deliberate or reckless suppression of evidence, he must prove the following elements by a preponderance of the evidence:

1. Ms. Kim suppressed evidence that was favorable to Mr. Harris from the prosecutor and the defense;
2. The suppression harmed Mr. Harris; and
3. Ms. Kim acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

**Authority:** Ninth Circuit Model Instruction No. 9.39

## SECTION 1983 CONSPIRACY

As previously explained, Derrick Harris has the burden of proving that the acts of Sharon Kim deprived Mr. Harris of particular rights under the United States Constitution. In this case, Mr. Harris alleges that Ms. Kim reached an agreement with Los Angeles Sheriff's Department Deputy Dennis Parker to deprive Mr. Harris of his rights under the Fourteenth Amendment to the Constitution.

To succeed on this claim, Mr. Harris must prove each of the following things by a preponderance of the evidence:

1. Ms. Kim had an agreement or a meeting of the minds with Detective Dennis Parker where they agreed to violate Plaintiff's constitutional rights.
2. One or more of the participants committed an act in an effort to carry out the agreement.
3. An actual deprivation of constitutional rights occurred.

To prove an actual deprivation of rights occurred, you must find that Mr. Harris's rights were violated, as described in other instructions.

**Authority**: *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999).

## Gang Enhancement Charge

At the time of Derrick Harris's criminal trial in 2013, a person who was convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, could be punished for a period of two to four years in prison, in addition to the sentence imposed for the conviction of the underlying felony.

**Authority:** California Penal Code section 186.22(b)(1)(A), in effect in 2013.

## 9.5 Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom —Elements and Burden of Proof

In order to prevail on Derrick Harris's Section 1983 claim against the City of Los Angeles alleging liability based on an official policy, practice, or custom, Mr. Harris must prove each of the following elements by a preponderance of the evidence:

1. Sharon Kim acted under color of state law;

2. the act of Ms. Kim in stating in her report that Mr. Harris was a self-admitted member of the Bounty Hunter Blood gang deprived Mr. Harris of particular rights under the United States Constitution as explained in later instructions;

3. Ms. Kim acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the City of Los Angeles; and

4. the City of Los Angeles's official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Harris's rights by Ms. Kim; that is, the City of Los Angeles's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Mr. Harris's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Ms. Kim acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the City of Los Angeles, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the City of Los Angeles. A practice or custom can be established by repeated constitutional

violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that Mr. Harris has proved each of these elements, and if you find that Mr. Harris has proved all the elements he is required to prove under Instruction XX, your verdict should be for Mr. Harris. If, on the other hand, you find that Mr. Harris has failed to prove any one or more of these elements, your verdict should be for the City of Los Angeles.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions No. 9.5.

**1600. Intentional Infliction of Emotional Distress—Essential Factual Elements**

Derrick Harris claims that Sharon Kim’s conduct caused him to suffer severe emotional distress. To establish this claim, Mr. Harris must prove all of the following:

1. That Ms. Kim’s conduct was outrageous;
2. That Ms. Kim intended to cause Derrick Harris emotional distress;
3. That Mr. Harris suffered severe emotional distress; and
4. That Ms. Kim’s conduct was a substantial factor in causing Mr. Harris’s severe emotional distress.

**Authority:** CACI 1600.

**1602. Intentional Infliction of Emotional Distress—"Outrageous Conduct" Defined**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sharon Kim's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Ms. Kim abused a position of authority or a relationship that gave her real or apparent power to affect Derrick Harris's interests;

(b) Whether Ms. Kim knew that Mr. Harris was particularly vulnerable to emotional distress; and

(c) Whether Ms. Kim knew that her conduct would likely result in harm due to mental distress.

**Authority:** CACI 1602.

## 1604. Intentional Infliction of Emotional Distress—"Severe Emotional Distress" Defined

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Derrick Harris is not required to prove physical injury to recover damages for severe emotional distress.

**Authority:** CACI 1604.

## 1605. Intentional Infliction of Emotional Distress—Affirmative Defense—Privileged Conduct

Sharon Kim claims that she is not responsible for Derrick Harris's harm, if any, because Ms. Kim's  conduct was permissible. To succeed, Ms. Kim must prove all of the following:

1. That Ms. Kim was exercising her legal right to provide her beliefs and knowledge to prosecutors;

2. That Ms. Kim's conduct was lawful and consistent with community standards; and

3. That Ms. Kim had a good-faith belief that she had a legal right to engage in the conduct.

If you find all of the above, then Ms. Kim's conduct was permissible.

**Authority:** CACI 1605.

## 5.3 Damages - Mitigation

Derrick Harris has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Sharon Kim has the burden of proving by a preponderance of the evidence:

1. that Mr. Harris failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**Authority:** Ninth Circuit Manual of Model Jury Instructions No. 5.3.