David B. Owens (SBN 275030)
david@loevy.com
Loevy & Loevy
333 S Grand Ave Suite 3310
Los Angeles, CA 90071
Telephone: (312) 243-5900

Elizabeth Wang*
2060 Broadway, Suite 280
Boulder, CO 80302
**Admitted Pro Hac Vice*
*Attorneys for Plaintiff Derrick Harris*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRICK HARRIS,<br><br>Plaintiff,<br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendants. | Case No. 2:21-cv-07999-WLH-DMKx<br><br>Honorable Wesley L. Hsu<br><br>Final Pretrial Conference:<br>November 20, 2026, 3:00 p.m.<br><br>Trial Date: Dec. 14, 2026, 9:00 a.m.<br><br>**PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS (CLEAN)** |

| Number | Title | Source | Page |
|---|---|---|---|
| 1. | Section 1983 Elements and Burden of Proof | Ninth Circuit Model Instruction 9.3 (modified); Model Instruction No 9.2 (note); *Monroe v. Pape*, 365 U.S. 167, 189 (1961); *Sabbe v. Washington Cnty. Bd. of Commissioners*, 84 F.4th 807, 817 (9th Cir. 2023); *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 573-74 (9th Cir. 2022); *Paroline v. United States*, 572 U.S. 434, 452 (2014) | 1 |
| 2. | Prefatory Instruction Concerning Due Process Claims | 9th Circuit Pattern instruction 9.38, 9.39 (modified); *Neil v. Biggers*, 409 U.S. 188, 199 (1972); *Simmons v. United States*, 390 U.S. 377, 383 (1968); *Kyles v. Whitley*, 514 U.S. 419, 445 (1995); Costanich v. *Dep't of Social & Health Servs*., 627 F.3d 1101 (9th Cir 2010); Caldwell v. *City & Cnty. of San Francisco*, 889 F.3d 1105, 1117 (9th Cir. 2018); *Richards v. County of San Bernadino*, 39 F.4th 562, 569-71 (9th Cir. 2022); *Mellen v. Winn*, 900 F.3d 1085, 1097-98 (9th Cir. 2018) (quoting *Carriger v. Stewart*, 132 F.3d 463, 481-82 (9th Cir. 1997) (en banc)). | 3 |
| 3. | Fabrication Of Evidence | Ninth Circuit Model Instruction 9.38 | 5 |
| 4. | Due Process—Suppression Of Evidence | Ninth Circuit Model Instruction 9.39 | 6 |
| 5. | Section 1983 Conspiracy | *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006); *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983); *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999); *Franklin v.* | 7 |

| | | | |
|---|---|---|---|
| | | *Fox*, 312 F.3d 423, 441 (9th. Cir. 2002); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989); *cf. Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988). | |
| 6. | *Failure to Intervene* | Seventh Circuit Pattern Jury Instruction 7.22 (modified); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Motley v. Parks*, 383 F .3d 1058, 1071 (9th Cir. 2004); *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994); *Tobias v. Arteaga*, 996 F.3d 571, 583 (9th Cir. 2021) | 9 |
| 7. | *Monell* Based On Practice Or Custom | Ninth Circuit Model Instruction 9.5, *Fairley v. Luman*, 281 F.3d 913 (9th Cir. 2002), *Richards v. Cnty. of San Bernardino,* 39 F.4th 562, 574 (9th Cir. 2022), *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239 (9th Cir. 2016) | 10 |
| 8. | *Monell* Ratification | Ninth Circuit Model Instruction 9.7; *Henry v. Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), as amended, 137 F.3d 1372 (9th Cir. 1998); *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *5 (C.D. Cal. Oct. 26, 2016) | 12 |
| 9. | *Monell*, Failure To Implement Procedures, Failure to Train | Ninth Circuit Model Instruction 9.8; *Connick v. Thompson*, 563 U.S. 51, 61 (2011) | 14 |
| 10. | Intentional Infliction of Emotional Distress | CACI 1600, 1602-05 | 16 |
| 11. | Compensatory Damages —No Evidence of Dollar Value Required | Seventh Circuit Pattern Civil Jury Instruction No. 7.26 | 18 |

COURT'S INSTRUCTION NO. ____

**NINTH CIRCUIT MODEL INSTRUCTION 9.3**
**(Section 1983 Elements and Burden of Proof)**

To prevail on a constitutional claim against Sharon Kim, Derrick Harris must prove each of the following elements by a preponderance of the evidence:

1. Sharon Kim acted under color of state law;

2. The acts or failures of Sharon Kim deprived Mr. Harris of a particular right under the United States Constitution as explained in later instructions; and

3. Sharon Kim's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that Sharon Kim acted under color of state law.

A defendant's conduct was the cause of a plaintiff's injury if the injury was the foreseeable consequence of the defendant's conduct. Causation can be established through direct personal participation in the injury or by setting in motion a series of actions which the defendant knows or reasonably should know would cause others to inflict the constitutional injury. In addition, to establish causation Mr. Harris must show that there is a reasonable likelihood that *either*:

(1) Ms. Kim's conduct impacted the criminal proceedings before or at the criminal trial.

or

(2) that without Ms. Kim's conduct, the same injury would not have occurred.

A defendant's conduct need not be the sole cause of an injury to have caused the plaintiff harm.

If you find Mr. Harris has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instructions XX that deal with the particular rights, your verdict should be for Mr. Harris.

If, on the other hand, you find that Mr. Harris has failed to prove any one or more of these elements, your verdict should be for Ms. Kim.

**Source:** Ninth Circuit Model Instruction No. 9.3 (modified); Model Instruction No 9.2 (note); *Monroe v. Pape*, 365 U.S. 167, 189 (1961) (holding that section 1983 must be read "against the background of tort liability that makes a man responsible for the natural consequences of his actions."); *Sabbe v. Washington Cnty. Bd. of Commissioners*, 84 F.4th 807, 817 (9th Cir. 2023) ("Overall, [t]he touchstone of proximate cause in a § 1983 action is foreseeability." (quoting *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007)); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (explaining that "the requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury"). In addition, *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 573-74 (9th Cir. 2022), holds that strict but-for causation is not required in cases involving fundamental trial rights. *See id.* at 573 ("But factual causation is not per se lacking when a showing of but-for causation cannot be made. As the Supreme Court has recognized, 'alternative and less demanding causal standards are necessary in certain circumstances to vindicate the law's purposes.'" (quoting *Paroline v. United States*, 572 U.S. 434, 452 (2014)). The inquiry, then, is whether the fabricated evidence (or suppression of favorable evidence) impacted the criminal proceedings or judgment of the trier of fact. *See id.* at 574 ("We therefore hold that Richards can establish factual causation if he can show a reasonable likelihood that the allegedly fabricated blue fiber evidence could have affected the judgment of the jury.").

COURT'S INSTRUCTION NO. ____

**PREFATORY INSTRUCTION CONCERNING DUE PROCESS CLAIMS**

As previously explained, the plaintiff has the burden of proving that his rights under the United States Constitution were violated and the plaintiff must further prove that a particular defendant is responsible for that violation. I will describe some of those rights and then discuss the standards for liability that apply to each defendant.

The Fourteenth Amendment prevents police officers or the government from subjecting people to criminal charges on the basis of false or fabricated evidence. Evidence can be fabricated in a variety of ways, including where police author reports or other documents that describe evidence that does not exist, that purport to document statements that were never made, that deliberately mischaracterize the evidence or statements, or that omit important information. Fabrication can also be found where an officer knew or should have known that the defendant is innocent but prosecutes them anyway. Or where an officer uses investigative techniques that are so coercive and abusive that they knew or should have known that those techniques would yield false information. Finally, eyewitness identification evidence can be fabricated where police officers obtain unreliable identification evidence following some form of suggestion or influence in the manner they interact with witnesses before, during or after an identification procedure, by creating unfair identification procedures, or through other forms of suggestion.

The Fourteenth Amendment also prevents officers or the government from subjecting a person being subjected to criminal charges or a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor and the defense attorneys. Police officers have an affirmative duty to disclose favorable information to the accused and that favorable information

includes items that would tend to show the defendant's innocence, information that could be used to question the credibility of a government witness (including the police themselves) or that could be used to attack the thoroughness, quality, and even good faith of the police investigation. The duty to disclose favorable information includes all material that could cast doubt on the prosecution or tend to show someone is innocent and officials cannot provide some information to the prosecutor on the notion that the prosecutor or defense should attempt to find what has not been disclosed.

**Sources:** 9th Circuit Pattern instruction 9.38, 9.39 (modified); *Neil v. Biggers*, 409 U.S. 188, 199 (1972); *Simmons v. United States*, 390 U.S. 377, 383 (1968); *Kyles v. Whitley*, 514 U.S. 419, 445 (1995); C*ostanich v. Dep't of Social & Health Servs*., 627 F.3d 1101 (9th Cir 2010); C*aldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1117 (9th Cir. 2018); *Richards v. County of San Bernadino*, 39 F.4th 562, 569-71 (9th Cir. 2022); *Mellen v. Winn*, 900 F.3d 1085, 1097-98 (9th Cir. 2018) (quoting *Carriger v. Stewart*, 132 F.3d 463, 481-82 (9th Cir. 1997) (en banc)).

**NINTH CIRCUIT MODEL INSTRUCTION 9.38 (Fabrication of Evidence)**

As previously explained, the plaintiff has the burden of proving that the acts or failures of Defendant Sharon Kim deprived Derrick Harris of particular rights under the United States Constitution. In this case, the plaintiff alleges that Defendant Kim deprived Derrick Harris of his rights under the Fourteenth Amendment to the Constitution by fabricating evidence against him.

For the plaintiff to prevail on his claim of deliberate fabrication of evidence against Defendant Kim, Harris must prove at least one of the following two element[s] by a preponderance of the evidence:

Defendant Kim deliberately fabricated evidence concerning Plaintiff Harris's tattoos was used to criminally charge, prosecute, or convict Derrick Harris.

or

Defendant Kim wrote her reports and continued her investigation of Derrick Harris despite the fact that she knew that Harris was innocent, or was deliberately indifferent to Harris's innocence, and the results of the investigation were used to criminally charge, prosecute, or convict Harris.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

If the plaintiff proves that the first element above; namely that the defendant deliberately fabricated evidence that was used to criminally charge or prosecute the plaintiff, then the plaintiff is not required to prove that the defendant knew the plaintiff was innocent or was deliberately indifferent to the plaintiff's innocence.

**Source:** Ninth Circuit Model Instruction No. 9.38 (modified)

COURT'S INSTRUCTION NO. ____

**NINTH CIRCUIT MODEL INSTRUCTION 9.39**
**(Due Process—Suppression of Evidence)**

As previously explained, the plaintiff has the burden of proving that the acts or failures of Defendant Sharon Kim deprived Derrick Harris of particular rights under the United States Constitution. The Fourteenth Amendment protects against a person being subjected to a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor. In this case, the plaintiff alleges Defendant Kim deprived Mr. Harris of his rights under the Fourteenth Amendment to the Constitution by failing to disclose information about her own alleged misconduct in fabricating evidence about Harris's tattoos, her alleged conspiracy with Detective Parker, and by pursuing him as a suspect even though she knew or should have known he was innocent.

For the plaintiff to prevail on his claim of deliberate or reckless suppression of evidence, the plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendant Kim suppressed evidence that was favorable to Derrick Harris during the criminal proceedings for the Blackwell Robbery from the prosecutor and the defense;
2. The suppression harmed Derrick Harris; and
3. Defendant Kim acted with deliberate indifference to Harris's rights or for the truth in suppressing the evidence.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

**Source:** Ninth Circuit Model Instruction No. 9.39 (modified)

COURT'S INSTRUCTION NO. ____

**SECTION 1983 CONSPIRACY**

As previously explained, the plaintiff has the burden of proving that the acts or failures of Defendant Sharon Kim deprived Derrick Harris of particular rights under the United States Constitution. In this case, Derrick Harris alleges that Sharon Kim reached an agreement with Los Angeles Sheriff's Department Deputy Dennis Parker to deprive Mr. Harris of his rights under the Fourteenth Amendment to the Constitution, including by fabricating evidence, by failing to disclose favorable information, and by generating unreliable identification evidence where Harris was misidentified by Mr. Blackwell.

To succeed on this claim, Mr. Harris must prove each of the following things by a preponderance of the evidence:

1. Defendant Sharon Kim had an agreement or a meeting of the minds with Detective Dennis Parker where they agreed violate Plaintiff's constitutional rights.
2. One or more of the participants committed an act in an effort to carry out the agreement.
3. An actual deprivation of constitutional rights occurred.

In order to show that the defendant entered an agreement, the plaintiff must prove that the participants shared one of these common purposes. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants. As a consequence, an agreement may be inferred from conduct and need not be proved by evidence of an express agreement, but can be found based upon circumstantial evidence alone, including a showing that the alleged conspirators have committed

acts that are unlikely to have been undertaken without an agreement. In fact, direct evidence of improper motive or an agreement among the parties to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action.

To prove an actual deprivation of rights occurred, you must find that Harris's rights were violated, as described in my prior instructions. However, Kim can be liable for conspiracy both for the actions that she undertook herself as well as actions undertaken by Deputy Parker that violated Harris's rights even if Kim herself did not commit that act of alleged misconduct.

**Source**: *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006); *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983); *Mendocino Envtl. Ctr. v. Mendocino Cty*., 192 F.3d 1283, 1301-02 (9th Cir. 1999); *Franklin v. Fox*, 312 F.3d 423, 441 (9th. Cir. 2002); *United Steelworkers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1541 (9th Cir.1989); *cf. Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988).

COURT'S INSTRUCTION NO. ____

**Failure to Intervene**

As previously explained, the plaintiff has the burden of proving that the acts or failures of Defendant Sharon Kim deprived Derrick Harris of particular rights under the United States Constitution. Plaintiff also claims that defendant Kim is liable for failing to intervene to stop the violation of his constitutional rights allegedly committed by others. To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The plaintiff's constitutional rights were violated.
2. The defendant knew that the plaintiff's constitutional rights were being violated or would be violated.
3. The defendant had a realistic opportunity to prevent harm from occurring.
4. The defendant failed to take reasonable steps to prevent harm from occurring.
5. The defendant's failure to act caused the plaintiff to suffer harm.

**Source**: Seventh Circuit Pattern Jury Instruction 7.22 (modified); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Motley v. Parks*, 383 F .3d 1058, 1071 (9th Cir. 2004); *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994); *Tobias v. Arteaga*, 996 F.3d 571, 583 (9th Cir. 2021)

COURT'S INSTRUCTION NO. ____

**NINTH CIRCUIT MODEL INSTRUCTION 9.5**
**(*Monell* Based on Practice Or Custom)**

To prevail on his claim against Defendant the City of Los Angeles alleging liability based on an official policy, practice, or custom, Derrick Harris  must prove each of the following elements by a preponderance of the evidence:

First, an employee of the City of Los Angeles acted under color of state law;

Second, the acts of Sharon Kim, an employee of the City of Los Angeles, deprived Harris of particular rights under the Fourteenth Amendment to the United States Constitution as explained in later instructions;

Third, Sharon Kim acted pursuant to an expressly adopted official policy, a widespread or longstanding practice, or a of the City of Los Angeles; and

Fourth, the City of Los Angeles's official policy or widespread or longstanding practice or custom caused the deprivation of Harris's rights by Sharon Kim; that is, the City of Los Angeles's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the Haris's rights as to be the moving force that caused the ultimate injury..

Whether Defendant Kim is liable is a separate question from whether the City of Los Angeles is liable and you may find one Defendant liable without finding the liability of the other. You may also consider whether, as a result of LAPD policies or practices, Defendant Kim violated Harris's rights by fabricating evidence even if she cannot be liable for those acts as described in the specific instruction concerning Kim's liability.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that] Sharon Kim acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant City of Los Angeles, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Los Angeles.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff.

If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Plaintiff's Authorities**: The Ninth Circuit's instruction requires modification because it fails to recognize that an individual defendant need not be found liable for there to be *Monell* liability. *See Fairley v. Luman*, 281 F.3d 913 (9th Cir. 2002) ("If a plaintiff establishes he suffered a constitutional injury by the City, the fact that individual officers are exonerated is immaterial to liability under § 1983."). As a result, and "[i]nstead, '[i]f a plaintiff established he suffered constitutional injury *by the County*, the fact that individual officers are exonerated is immaterial to liability under § 1983." *Richards v. Cnty. of San Bernardino,* 39 F.4th 562, 574 (9th Cir. 2022) (quoting *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1250 n.12 (9th Cir. 2016) (simplified). "This is true whether the officers are exonerated on the basis of qualified immunity, because they were merely negligent, or for other failure of proof." *Id.* (quoting *Fairley*, 281 F.3d at 917 n.4).

COURT'S INSTRUCTION NO. ____

**Ninth Circuit Model Instruction 9.7 (modified) (*Monell* Ratification)**

To prevail on the plaintiff's § 1983 claim against the City of Los Angeles alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, an employee from the City of Los Angeles acted under color of state law;

Second, the acts or failures of a City of Los Angeles employee deprived Derrick Harris of particular rights under the United States Constitution as explained in earlier instructions;

Third, a final policymaker for the City of Los Angeles ratified the acts or failures of an employee from the City of Los Angeles that violated Harris' rights; that is, the City of Los Angeles knew of and specifically made a deliberate choice to approve an employee's acts or failures and the basis for them.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find that the plaintiff Derrick Harris has proved each of these elements, your verdict should be for the plaintiff.

If, on the other hand, the plaintiff Derrick Harris has failed to prove any one or more of these elements, your verdict should be for the defendant City of Los Angeles.

**Sources:** The Ninth Circuit's revisions to their instruction presume ratification by a particular person, which is one form of showing ratification. However, ratification can also be shown by the City's own response to this lawsuit, and its support of Kim (for example in its interrogatory responses or 30(b)(6) testimony. *Henry v. Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), as amended, 137 F.3d 1372

(9th Cir. 1998). That form of ratification does not require naming the particular policymaker because the City's discovery and testimony from its designees is binding on the agency. *See, e.g.*, *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *5 (C.D. Cal. Oct. 26, 2016) ("The purpose of a Rule 30(b)(6) deposition is to provide sworn corporate admissions that are binding on the corporation.").

COURT'S INSTRUCTION NO. ____

**NINTH CIRCUIT MODEL INSTRUCTION 9.8**
**(Monell, Failure To Implement Procedures, Failure to Train)**

To prevail on plaintiff Derrick Harris' claim against Defendant City of Los Angeles alleging liability based on a policy, practice, or custom that fails to prevent violations of law by its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the actions and/or failures of Defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in earlier instructions;

Second, Defendant Kim acted under color of state law;

Third, the policies, practices, or customs of the defendant City of Los Angeles were not adequate to prevent violations of law by its police officers to handle the usual and recurring situations with which they must deal;

Fourth, the defendant City of Los Angeles was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees; and

Fifth, the failure of the defendant City of Los Angeles to prevent violations of law by its employees caused the deprivation of Derrick Harris's rights by an employee of the City of Los Angeles; that is, the City of Los Angeles's failure to prevent violations of law by its employees played a substantial part in bringing about or actually causing the injury or damage to Derrick Harris.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing

final policy with respect to the subject matter in question.

A policy or practice is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy or practice of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy or practice based on a failure to prevent constitutional rights, plaintiff Derrick Harris must show, in addition to a constitutional violation, that this policy or practice amounts to deliberate indifference to plaintiff Derrick Harris's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.] y.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the City of Los Angeles put it on actual or constructive notice that its failure to implement adequate policies or its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as Derrick Harris due to police officers' conduct.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff.

If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Sources:** Ninth Circuit Instruction 9.8 (modified); *see also* Comment to Instruction 9.8 discussing deliberate indifference (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

COURT'S INSTRUCTION NO. ____

**Intentional Infliction of Emotional Distress (California Law)**

Derrick Harris claims that Sharon Kim's conduct caused him to suffer severe emotional distress. To establish this claim, Mr. Harris must prove all of the following:

1. That Sharon Kim's conduct was outrageous;
2. That Sharon Kim intended to cause Derrick Harris emotional distress; or that Sharon Kim acted with reckless disregard of the probability that Derrick Harris would suffer emotional distress;
3. That Mr. Harris suffered severe emotional distress; and
4. That Sharon Kim's conduct was a substantial factor in causing Mr. Harris's severe emotional distress.

I will now define some of these terms.

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sharon Kim's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Sharon Kim abused a position of authority or a relationship that gave her real or apparent power to affect Derrick Harris's interests;

(b) Whether Sharon Kim knew that Derrick Harris was particularly vulnerable to emotional distress; or

(c) Whether Defendant Kim knew that her conduct would likely result in harm due to mental distress.

Reckless disregard in causing emotional distress exists if Sharon Kim knew that emotional distress would probably result from her conduct; or if she gave little or no thought to the probable effects of her conduct.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.

Mr. Harris is not required to prove physical injury to recover damages for severe emotional distress.

Detective Kim claims that she is not responsible for Mr. Harris's harm, if any, because Detective Kim's conduct was permissible. To succeed, Sharon Kim must prove all of the following:

1. That Sharon Kim was exercising her legal right to contribute to the Blackwell Robbery investigation and prosecution of Harris;
2. That Sharon Kim's conduct was lawful and consistent with community standards; and
3. That Sharon Kim had a good-faith belief that she had a legal right to engage in the conduct.

If you find all of the above, then Sharon Kim's conduct was permissible.

Finally, whether Defendant Kim can bel liable for the intentional infliction of emotional distress under California Law is a separate question from whether she can be liable for allegedly fabricating or suppressing evidence under the United States Constitution, as specifically described in prior instructions. You may consider evidence of outrageous conduct as you see fit even Defendant Kim cannot be liable for that conduct as a matter of federal law.

**Source:** CACI 1600, 1602-05 (modified)

COURT'S INSTRUCTION NO. ____

**Compensatory damages —No Evidence of Dollar Value Required**

In considering compensatory damages, no evidence of the dollar value of physical, mental, emotional, or psychological pain and suffering or loss of a normal life needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury you find has been sustained.

__________

Seventh Circuit Pattern Civil Jury Instruction No. 7.26 (modified).

Respectfully submitted,

Dated: November 5, 2026

**DERRICK HARRIS**

By: /s/ David B. Owens__________
*One of Plaintiff's attorneys*

David B. Owens,
david@loevy.com